IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Willie James White,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:13cv1448 (CMH/JFA) |
| | ) |
| Carl A. Manis,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Willie James White, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions of abduction, carjacking and conspiracy to commit carjacking entered in the Circuit Court for the City of Virginia Beach. Because petitioner initiated this action by filing a non-standardized petition, an Order was entered on December 13, 2013, directing petitioner to amend his petition on a standard form § 2254 petition which would become the sole petition in this civil action. Petitioner also was directed either to pay the statutory filing fee of $ 5.00 for this action or to apply to proceed in forma pauperis. After receiving an extension of time to do so, petitioner submitted the form petition with supporting exhibits on February 2, 2013, and he both paid the filing fee and moved to proceed in forma pauperis. Because the filing fee was paid, petitioner's request to proceed in forma pauperis was denied, as moot. Review of the form § 2254 petition suggested that the applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented, and by Order dated March 13, 2014, petitioner was advised that the petition would be dismissed as barred by the statute of limitations unless he contested the application of the one-year statute of limitations or established that he is entitled to equitable tolling within thirty (30)

days. In response, petitioner filed an affidavit on April 8, 2014. After careful consideration of petitioner's response, the petition must be dismissed, as time-barred.

A petition for a writ of habeas corpus pursuant to § 2254 must be dismissed if it is filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In the instant case, among petitioner's exhibits is a copy of a Final Order denying petitioner's motion to set aside the verdict or judgment or to award a new trial. The Court's findings in that Order reflect the following chronology:

> The petitioner is confined pursuant to a final judgment of this Court entered on July 12, 1995. White was found guilty by a jury of abduction, carjacking, and conspiracy to commit carjacking in Case Nos. CR95-1555 and CR95-2207.
>
> In accordance with the verdicts of the jury, this Court sentenced White to a total of forty-six years' imprisonment.
>
> White noted an appeal to the Court of Appeals, which denied his appeal on May 1, 1996. He demanded review by a three-judge panel; the panel denied his appeal on October 9, 1996, Record No. 1759-95-1.
>
> White appealed to the Supreme Court of Virginia, which refused his appeal on November 10, 1997, Record No. 971689.
>
> White on August 19, 2011, filed a petition for a writ of *coram nobis*, pursuant to Virginia Code § 8.01-677, concerning his convictions in this Court. ...

White v. Commonwealth, Case No. CL13-238, Final Order at 1-2; Am. Pet., unnumbered Ex. 9. Here, then, petitioner's convictions became final on or about February 8, 1998, the last date he

could have petitioned the Supreme Court of the United States for a writ of certiorari after the Supreme Court of Virginia refused his direct appeal.[1]

In calculating the one-year limitations period, the Court generally must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, it appears that petitioner did not commence his first postconviction proceeding until August 19, 2011, when he filed a petition for a writ of error coram nobis. Since by then over thirteen years had elapsed since petitioner's conviction became final, the federal statute of limitations had expired, so the pendency of the state habeas proceeding could not toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

In the affidavit he filed in response to the Order of March 13, petitioner argues that the petition should be adjudicated on the merits because his underlying judgment of conviction is

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

void and may be challenged at any time. Dkt. 13. Petitioner explains that he believes the judgment to be void because he received ineffective assistance at trial due to counsel's conflict of interest stemming from his simultaneous representation of petitioner's codefendant, and because counsel failed to raise an "obvious" violation of the double jeopardy prohibition. Id.

The Fourth Circuit Court of Appeals holds that an order is void "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). The Court has emphasized that it "narrowly construe[s] the concept of a 'void' order ... precisely because of the threat to finality of judgments and the risk that litigants ... will use [that concept] ... to circumvent the appeal process they elected not to follow." Id. In this case, it appears clear that petitioner seeks to do just that. The arguments upon which he bases his contention that his judgment of conviction is void are the grounds upon which he seeks habeas corpus relief: ineffective assistance of counsel and an alleged double jeopardy violation. Am. Pet. at 6. These contentions, even if true, would not render the judgment void, as they do not implicate the trial court's personal or subject matter jurisdiction over petitioner. Instead, it appears that petitioner's reliance on the concept of a void judgment is designed to "circumvent the appeal process [he] elected not to follow" when he failed to raise these arguments in a timely fashion in a state petition for habeas corpus relief. As the judgment of conviction petitioner seeks to challenge here is not a void order, the § 2244(d) statute of limitations applies, and petitioner makes no argument that it should be tolled. Cf. Hill, 277 F.3d at 707. Petitioner further has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), and he

neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he was convicted. See Schulp v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Accordingly, this petition is time-barred from federal consideration, and must be dismissed.

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED, WITH PREJUDICE, as time-barred.

This is a final order for purposes of appeal. To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to petitioner and to close this civil case.

Entered this 16th day of April 2013.

Alexandria, Virginia

/s/
Claude M. Hilton
United States District Judge